

R23 LAW

**R23 LAW APC**
Peng Shao (319624)
Jared V. Walder (310687)
Litigation@R23Law.com
633 West Fifth St. 26th Floor
Los Angeles, CA 90071
Tel:  888-533-2948
Fax:  415-558-0230

*Attorneys for Plaintiff*
*Javier Garcia*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAVIER GARCIA**, an individual;<br><br>Plaintiff,<br><br>v.<br><br>**GUILD MORTGAGE COMPANY LLC; LOS ANGELES FEDERAL CREDIT UNION; TD BANK, N.A.; SOFI BANK, N.A.; EXPERIAN INFORMATION SOLUTIONS INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC; AND DOES 1 TO 20,** inclusive;<br><br>Defendants. | CASE NO. 2:26-CV-02452-CV-MAR<br><br>**AMENDED JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(F)**<br><br>SCHEDULING CONFERENCE:<br><br>DATE:    June 5, 2026<br>TIME:    1:30 PM<br>PLACE:   Courtroom 10B |

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)



Plaintiff JAVIER GARCIA ("Plaintiff") and Defendants GUILD MORTGAGE COMPANY LLC ("GMC"), LOS ANGELES FEDERAL CREDIT UNION ("LAFCU"), TD BANK USA, N.A. (incorrectly named as "TD Bank, N.A." in the Complaint) ("TD Bank"), SOFI BANK, N.A. ("SoFi Bank"), EXPERIAN INFORMATION SOLUTIONS INC. ("Experian"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), TRANS UNION, LLC ("Trans Union") (collectively "Defendants") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

## 1. STATEMENT OF THE CASE

**Plaintiff:** Plaintiff initiated this action against Defendants for violations of the Fair Credit Reporting Act (FCRA), the California Consumer Credit Reporting Agencies Act (CCRAA), and California Business and Professions Code section 17200 et seq. Plaintiff alleges that he found inaccurate, incomplete, and unverifiable information on his credit reports. Plaintiff disputed the false information to Defendants, but Defendants continued to furnish and/or report false information on Plaintiff's credit reports. Plaintiff alleges that Defendants furnished and/or reported inaccurate, incomplete, and materially misleading late-payment information on Plaintiff's credit reports, including late-payment notations associated with Plaintiff's Guild Mortgage, Los Angeles Federal Credit Union, TD Bank/Nordstrom, and SoFi accounts. Plaintiff further alleges that Defendants failed to reasonably investigate, reinvestigate, correct, or delete the disputed reporting after Plaintiff submitted disputes and supporting information. Defendants' actions caused significant harm to Plaintiff, including actual damages, damage to creditworthiness, loss of credit opportunities, and emotional distress.

**GUILD MORTGAGE COMPANY LLC**: Plaintiff alleges that GMC is a furnisher of consumer credit information and inaccurately reported that Plaintiff's mortgage payments were 30 days late for December 2023, December 2024, and February 2025. In or about August 2025, Plaintiff alleges he disputed the inaccurate



reports and provided sufficient information to GMC to identify the specific reporting being challenged. Plaintiff alleges GMC failed to conduct a reasonable investigation and correct the disputed late-payment reporting.

Despite these allegations, the Complaint is completely devoid of any identifying information (i.e., subject property address, note, mortgage) for the subject mortgage, except for Plaintiff's name. Counsel for GMC obtained a loan number from Plaintiff's counsel. GMC was unable to identify the subject mortgage in its systems with Plaintiff's name or the loan number provided. GMC is still waiting for Plaintiff to provide the subject property address. Without information to identify the subject mortgage, GMC has no way of addressing Plaintiff's allegations.

**LOS ANGELES FEDERAL CREDIT UNION**: Los Angeles Federal Credit Union (LAFCU) denies that it furnished or reported inaccurate information to any Consumer Reporting Agency. LAFCU conducted a reasonable investigation upon notification of a credit dispute. LAFCU denies that it violated the FCRA.

**TD BANK**: TD Bank denies all material allegations in the Complaint. TD Bank's records reflect that Plaintiff was late on his payment in April 2024, for Plaintiff's TD Bank/Nordstrom account, as well as on other occasions, and that TD Bank's reporting of this information was accurate and complete. TD Bank conducted multiple reasonable investigations in response to Plaintiff's disputes regarding the April 2024 late payment notation. Each investigation confirmed that TD Bank's reporting was accurate, and TD Bank communicated these findings to Plaintiff through several letters. TD Bank denies that it violated the Fair Credit Reporting Act, the California Consumer Credit Reporting Agencies Act, or any other applicable law.

**SOFI BANK, N.A.**: SoFi Bank, N.A. denies that it furnished and/or reported inaccurate, incomplete and materially misleading information to any Consumer Reporting Agencies ("CRA"). SoFi further states that it conducted a reasonable investigation upon notification of a credit dispute from a CRA with respect to Plaintiff's account. Accordingly, SoFi denies that it violated the Fair Credit Reporting

3



Act, 15 U.S.C. 1681, et seq.

**EXPERIAN INFORMATION SOLUTIONS INC.**: This is a credit reporting case under the FCRA and CCRAA. Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. Further, neither statute is a strict liability statute and do not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to ensure the maximum possible accuracy of the information it reports on consumers, and timely reinvestigate if a consumer disputes information on his or her credit report. In turn, Experian denies that Plaintiff is entitled to any of the relief sought in the Complaint and denies that Plaintiff suffered any actual damages. Experian makes this statement without waiving any defenses and defers to its Answer to the Complaint (Dkt 23) for its specific response to each of Plaintiff's allegations. Experian reserves all rights, including the right to supplement this statement as litigation proceeds.

**EQUIFAX INFORMATION SERVICES, LLC**:    Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without



waiving any defenses and reserves the right to supplement this statement as the facts are developed.

**TRANS UNION, LLC**: As discovery has just begun, Trans Union LLC ("Trans Union") cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff.  Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff.  Further, Trans Union properly investigated Plaintiff's disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those investigations to Plaintiff.  At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.  Trans Union accepted information regarding Plaintiff from reliable sources.  Trans Union may reasonably rely upon the data furnisher, which is required to investigate a consumer dispute under 1681s-2(b) after receiving notice from a consumer reporting agency.  Trans Union has not acted with malice, negligent, willful, or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, Experian, Equifax, any underlying creditor(s), and/or potential third parties. Therefore, this statement is based on the facts known by Trans Union at this time.  Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)



**2.    <u>Subject Matter Jurisdiction:</u>**

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because Plaintiff asserts claim under the Fair Credit Reporting Act. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391. All named Defendants have been served and have appeared.

**3.    <u>LEGAL ISSUES</u>**

The principal legal issues in this case include whether the disputed credit reporting concerning Plaintiff's accounts was inaccurate, incomplete, unverifiable, or materially misleading under the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA"); whether the Consumer Reporting Agency Defendants followed reasonable procedures to assure maximum possible accuracy and conducted reasonable reinvestigations after receiving Plaintiff's disputes; whether the Furnisher Defendants conducted reasonable investigations after receiving notice of Plaintiff's disputes from the Consumer Reporting Agency Defendants; whether any Defendant failed to correct, delete, suppress, or otherwise modify disputed information after investigation or reinvestigation; whether any alleged violation was negligent, knowing, or willful; whether Plaintiff can establish causation and recoverable damages, including actual damages, emotional distress damages, credit-related damages, statutory damages, punitive damages, attorneys' fees, or costs; whether Plaintiff's CCRAA and California Business and Professions Code section 17200 claims are viable and/or preempted in whole or in part; and whether any affirmative defenses asserted by Defendants limit or bar Plaintiff's claims or requested relief.

To the extent any Defendant contends that Plaintiff's claims are subject to arbitration, the parties may dispute whether an enforceable arbitration agreement exists, whether the agreement applies to the claims and parties in this action, whether

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)

any right to compel arbitration has been waived, and whether any claims should proceed in this Court notwithstanding any asserted arbitration agreement.

**EQUIFAX INFORMATION SERVICES, LLC**:: Equifax believes that the key legal issues with respect to Equifax are (1) whether Plaintiff can meet Plaintiff's burden to prove that any reinvestigation conducted by Equifax violated the FCRA, (3) whether Plaintiff can meet their burden of proving a claim against Equifax for negligent noncompliance with the FCRA, (3) whether Plaintiff can meet their burden of proving a claim against Equifax for willful noncompliance with the FCRA, (4) whether Plaintiff can meet their burden of proving that Plaintiff suffered any damages proximately caused by any action or inaction of Equifax, (5) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs, and/or fees) from Defendant pursuant to the FCRA, (6) whether any damages suffered by Plaintiff were caused in whole or in part by a third party, an intervening or superseding cause, and/or the actions of Plaintiff, and (7) whether Plaintiff failed to mitigate those damages.

**EXPERIAN INFORMATION SERVICES INC.:**  Experian concurs with Equifax's stated key legal issues as applied to Experian.  Experian also asserts that the same legal issues are key for Plaintiff's second and third causes of action, in addition to whether Plaintiff can meet his burden of proving an unfair, unlawful, or fraudulent business practice for his third cause of action.

**Defendant Trans Union:** As discovery has just begun, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff.  Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff.  Further, Trans Union properly investigated Plaintiff's disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those investigations to Plaintiff.  At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)

related to Plaintiff. Trans Union accepted information regarding Plaintiff from reliable sources. Trans Union may reasonably rely upon the data furnisher, which is required to investigate a consumer dispute under 1681s-2(b) after receiving notice from a consumer reporting agency. Trans Union has not acted with malice, negligent, willful, or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, or any underlying creditor(s). Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

The key legal issues will focus on the fact that Trans Union performed a reasonable reinvestigation of Plaintiff's disputes and had reasonable procedures in place in assuring maximum possible accuracy of Plaintiff's Trans Union credit files. Further, the principal issues are:

- whether Plaintiff's Trans Union credit files contained any inaccuracy;
- whether any Trans Union consumer report(s) regarding Plaintiff contained an inaccuracy;
- whether Trans Union conducted a reasonable reinvestigation in response to Plaintiff's dispute of any underlying account(s) at issue;
- whether Trans Union maintained reasonable procedures to assure the maximum possible accuracy of consumer report(s) regarding Plaintiff;
- whether any failure to conduct a reasonable investigation or maintain reasonable procedures was willful or negligent;
- whether Plaintiff suffered any damages; and whether Plaintiff alleged damages were caused by Trans Union.

8

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)



## 4.     **PARTIES, EVIDENCE, ETC.:**

**Plaintiff:** Plaintiff anticipates deposing and potentially calling at trial the Person Most Knowledgeable (PMK) for each Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6), specifically regarding the handling and investigation of Plaintiff's credit reporting disputes, the accuracy and completeness of the disputed late-payment reporting, communications between the CRA Defendants and Furnisher Defendants, and each Defendant's relevant policies and procedures. Key documents include Plaintiff's credit reports and consumer disclosures from the Credit Reporting Agencies ("CRAs"), Plaintiff's written disputes, supporting documentation and/or proof of payment submitted with the disputes, any written responses from Defendants, documents concerning the Guild Mortgage, LAFCU, Nordstrom/TD Bank, and SoFi disputed accounts, records reflecting investigation or reinvestigation efforts, and documents related to Plaintiff's alleged damages, credit denial, auto financing issues, and creditworthiness. Discovery may also include training materials, dispute-handling protocols, internal procedures, communications with furnishers, and other documents or witnesses identified through discovery.

**GUILD MORTGAGE COMPANY LLC**: In addition to the potential witnesses identified by Plaintiff: Javier Garcia – Alleged borrower of subject mortgage.

**LOS ANGELES FEDERAL CREDIT UNION**: LAFCU identifies the Following parties, witnesses and documents and reserves the right to supplement or amend this information: Plaintiff Javier Garcia; individuals with information to support LAFCU's claims or defenses; individuals with information relevant to Plaintiff's claims; Plaintiff's account and credit files, any other documents identified by Plaintiff or other parties to this lawsuit

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)



**TD BANK**: TD Bank anticipates depositions of the following:

- Plaintiff: to obtain testimony regarding the basis of his claims that he was not late for his payment for his TD Bank/Nordstrom account in April 2024, TD Bank's records contradicting Plaintiff's claims, the inconsistencies in Plaintiff's own claims, including his conflicting assertions regarding his account status; his payment methods; and his payment history; Plaintiff's alleged damages and causation;

- Plaintiff's family members and friends, or co-workers: to obtain information related to Plaintiff's allegations in the Complaint and to assess Plaintiff's credibility and damages;

- Representatives from Experian Information Solutions Inc., Equifax Information Services Inc., and Trans Union, LLC: to obtain testimony regarding reporting related to Plaintiff's TD Bank/Nordstrom account and disputes related thereto.

- Representatives from Guild Mortgage Company LLC, Los Angeles Federal Credit Union, and SoFi Bank, N.A.: to obtain information related to Plaintiff's allegations in the Complaint and to assess Plaintiff's credibility and damages.

TD Bank's own representative will testify that TD Bank properly handled and responded to Plaintiff's disputes, and that the information reported to credit agencies was and is accurate.

Documentary evidence is expected to include, but not be limited to:

- Plaintiff's account records including statements and payment history;
- Internal investigation notes;
- Correspondence between TD Bank and Plaintiff;
- ACDV records;
- Credit dispute(s) and responses concerning Plaintiff's TD Bank/Nordstrom account;

10

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)

- TD Bank's procedures for verifying and reporting account information to credit reporting agencies, subject to entry of a stipulated protective order.

**SOFI BANK, N.A.**: SoFi Bank, N.A. identifies the following parties, witnesses, and documents based on the information currently available to SoFi Bank, N.A.. SoFi Bank, N.A. reserves the right to supplement or amend this information under Fed. R. Civ. P. 26 or any other applicable rule:

- Plaintiff Javier Garcia;
- Other parties to this lawsuit;
- Witnesses identified by any other party to this lawsuit;
- Individuals with information to support SoFi Bank, N.A.'s claims or defenses;
- Individuals with information relevant to Plaintiff's claims.
- Sofi Bank, N.A. identifies the following documents that may be relevant to this litigation:
  - Plaintiff's account and credit files;
  - Any documents identified by the Parties to this lawsuit;
  - Any other documents produced during discovery by any other party and third-party entities and persons to which Plaintiff submitted applications for credit.

**EXPERIAN INFORMATION SOLUTIONS INC.**: Experian identifies the following parties, witnesses, and documents based on the information currently available to Experian. Experian reserves the right to supplement or amend this information under Fed. R. Civ. P. 26 or any other applicable rule:

- Plaintiff;
- Any other party to this lawsuit;
- Any witness identified by any other party to this lawsuit;

11

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)



R23 LAW

- Any individual with information to support Experian's claims or defenses;
- Any individual with information relevant to Plaintiff's claims.
- Experian identifies the following documents that may be relevant to this litigation:
  - Plaintiff's credit file;
  - Relevant portions of Experian's policies and procedures;
  - Any documents identified by the Parties to this lawsuit;
  - Any other documents produced during discovery.

**EQUIFAX INFORMATION SERVICES, LLC**: Equifax identifies the following parties, percipient witnesses, and key documents on the main issues in the case herein based on the information currently and reasonably available to Equifax. Equifax also reserves the right to supplement or amend this information under Fed. R. Civ. P. 26(e) or any other applicable rule:

- Plaintiff Javier Garcia
- Any entity with whom Plaintiff alleges to have applied for credit, employment or insurance. These individuals may have knowledge of the facts at issue in this case regarding account(s) and/or any adverse actions. Name(s) and address(es) presently unknown.
- Any other party to this lawsuit.
- Any witness identified by any other party to this lawsuit.
- Any individual needed for impeachment or rebuttal.
- Any spouse, family members, or friends of Plaintiff, who may have knowledge of the factual basis of the claims and defenses. Name(s) and address(es) presently unknown.
- A representative of the disputed furnisher(s), identity currently unknown. These individuals are likely to have information regarding the account history and reporting of the disputed account(s), including responses to requests for

12



investigation.

Equifax identifies the following documents that may be used to support its defenses in this litigation that are in the possession of its counsel:

- Plaintiff's credit file;
- Relevant portions of Equifax's policy and procedure manuals;
- ACIS cases and ACDVs, if any;
- Any documents identified by Plaintiff and/or co-defendants;
- Any other documents produced in discovery; and

Any and all documents needed for rebuttal or impeachment.

**TRANS UNION, LLC**: Defendant does not anticipate adding parties at this time, but reserves the right to do so. Defendant's key witnesses are Plaintiff and the third party furnishers that Plaintiff contends furnished inaccurate information.

Trans Union anticipates serving written discovery on the Plaintiff. Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the accuracy of account(s) at issue in Plaintiff's Complaint, communications between Plaintiff and the Defendants, reinvestigations conducted by the Defendants, communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate his alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiff's credit history and usage, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or discovery.

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)

**5.    Damages:**

**Plaintiff:** Plaintiff seeks actual, statutory, and punitive damages under the relevant statutes. Claimed damages include credit denial, emotional distress, reputational harm, and attorney's fees. The realistic range of provable damages is expected to exceed $250,000.

**GUILD MORTGAGE COMPANY LLC**: GMC contends that there are no damages as a result of GMC.

**LOS ANGELES FEDERAL CREDIT UNION**: LAFCU denies that Plaintiff suffered any damages as a result of any actions by LAFCU. LAFCU is not claiming any damages at this time but reserves the right to amend or supplement this response.

**TD BANK**: TD Bank denies Plaintiff's claims or that TD Bank violated any law. TD Bank further denies that Plaintiff suffered any damages that are attributable to TD Bank. TD Bank is not currently seeking any damages, but reserves the right to do so.

**SOFI BANK, N.A.**:  SoFi Bank, N.A. denies that Plaintiff suffered any damages from any actions by SoFi Bank, N.A.  SoFi Bank, N.A. is not claiming damages at this time but reserves the right to do so.

**EXPERIAN INFORMATION SOLUTIONS INC.**: Experian denies Plaintiff's damages and is not claiming any damages at this time but reserves the right to do so, particularly with respect to attorneys' fees and costs.

**EQUIFAX INFORMATION SERVICES, LLC**:  Equifax denies Plaintiff's damages and is not claiming any damages at this time but reserves the right to do so.

**TRANS UNION, LLC**: Trans Union denies Plaintiff's damages claim.  At this time, Trans Union is not seeking damages in this matter but reserves the right to do so, if necessary.

14

**6.    <u>Insurance:</u>**

**Plaintiff:** Plaintiff is not aware of any applicable insurance coverage held by Defendants.

**GUILD MORTGAGE COMPANY LLC**: Not applicable.

**LOS ANGELES FEDERAL CREDIT UNION**: None

**TD BANK**: TD Bank does not have an insurance policy related to this action.

**SOFI BANK, N.A.**: No insurance carrier would be liable to satisfy any potential judgment entered against SoFi Bank, N.A.

**EXPERIAN INFORMATION SOLUTIONS INC.**: Based on Experian's present insurance and applicable deductibles, no insurance carrier would be liable to satisfy part or all of any likely judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy any likely judgment.

**EQUIFAX INFORMATION SERVICES, LLC**:   Equifax is self-insured.

**TRANS UNION, LLC**: Based on Plaintiff's claims it appears that any judgment against Trans Union would be subject to Trans Union's self-insured retention category.

**7.    <u>Motions:</u>**

**Plaintiff:** Plaintiff does not currently anticipate filing of any motions, but reserves their right to do so, including but not limited to the filing of a dispositive motion for summary judgment or partial summary judgment at the close of discovery.

**LAFCU:** LAFCU intends on filing a Motion for Summary Judgment or other dispositive motion on issues of liability and damages.

**TD BANK**: TD Bank has no pending motions but reserves the right to raise motions.

**SoFi Bank, N.A.**: SoFi Bank, N.A. anticipates filing dispositive motions on the issues of liability and damages.

**EQUIFAX INFORMATION SERVICES, LLC**:  Equifax anticipates filing a motion for summary judgment or other dispositive motion on the issue of Equifax's liability and/or Plaintiff's damages. Equifax reserves the right to file all appropriate motions, including motions in limine.

**EXPERIAN INFORMATION SOLUTIONS INC.**:  Experian anticipates filing a motion for summary judgment, judgment on the pleadings, or other dispositive motions on the issues of liability and damages.  Experian reserves the right to file all motions as litigation proceeds.

**Trans Union:** Trans Union anticipates filing a Motion for Judgment on the Pleadings, Motion for Summary Judgment, and Motions in Limine, as necessary.

## 8.    Dispositive Motions:

**Plaintiff:** Plaintiff reserves their right to file a dispositive motion for summary judgment or partial summary judgment at the close of discovery.

**GUILD MORTGAGE COMPANY LLC**: GMC intends to file a motion for summary judgment.

**LOS ANGELES FEDERAL CREDIT UNION**: LAFCU intends on filing a Motion for Summary Judgment or other dispositive motion on issues of liability and damages.

**TD BANK**: TD Bank anticipates filing a motion for summary judgment following discovery. TD Bank will also likely file motions in limine closer to trial.

**SOFI BANK, N.A.**: SoFi Bank, N.A. anticipates filing dispositive motions on the issues of liability and damages.

**EXPERIAN INFORMATION SOLUTIONS INC.**: Experian anticipates filing a motion for summary judgment, judgment on the pleadings, or other dispositive motions on the issues of liability and damages.  Experian reserves the right to file all motions as litigation proceeds.

16

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)

**EQUIFAX INFORMATION SERVICES, LLC**:   Equifax anticipates filing a motion for summary judgment or other dispositive motion on the issue of Equifax's liability and/or Plaintiff's damages. Equifax reserves the right to file all appropriate motions, including motions in limine.

**TRANS UNION, LLC**: Trans Union anticipates filing a Motion for Judgment on the Pleadings and/or a Motion for Summary Judgment.

**9.     Manual for Complex Litigation:**

The Parties believe this case is not complex and is not suitable for reference to the procedures set forth in the Manual on Complex Litigation.

**10.    Status of Discovery:**

The parties have not yet propounded or responded to any formal discovery requests. The parties intend to exchange initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) and to meet their obligations under Rule 26(f).

**Plaintiff:** Plaintiff anticipates serving written discovery promptly following the Scheduling Conference.

**GUILD MORTGAGE COMPANY LLC**: GMC will propound written discovery and take Plaintiff's deposition to the extent necessary.

**LOS ANGELES FEDERAL CREDIT UNION**: LAFCU intends on serving written discovery following the Scheduling conference and to depose Plaintiff.

**TD BANK**: TD Bank intends to conduct discovery in accordance with the discovery plan and the Court's Scheduling Order.

**SOFI BANK, N.A.**: SoFi Bank, N.A. will promptly file written discovery after the Scheduling Conference and will also seek to depose Plaintiff.

**EXPERIAN INFORMATION SOLUTIONS INC.**: Experian anticipates serving written discovery promptly following the Scheduling Conference and a notice of deposition for Plaintiff.

**EQUIFAX INFORMATION SERVICES, LLC**: Equifax anticipates serving written discovery promptly following the Scheduling Conference.

**TRANS UNION, LLC**: No party has yet served discovery requests on either Defendant and no party has yet noticed depositions. No discovery has been either initiated or completed. Trans Union anticipates serving written discovery following the Scheduling Conference.

## 11.    Discovery Plan:

The parties agree to the following discovery framework: Discovery is not proposed to be conducted in phases, though the parties will meet and confer in good faith to address any issues related to scope, burden, or sequencing as they arise. No changes are presently requested to the limitations on discovery imposed by the Federal or Local Rules; any necessary modifications will be addressed by stipulation or motion if warranted. The parties also contemplate the possibility of submitting a proposed stipulated protective order to govern the handling of confidential or sensitive information exchanged during discovery.

- Initial disclosures:                         June 5, 2026
- Fact Discovery Cutoff:                   August 20, 2027
- Amend pleadings/add parties:        September 4, 2026
- Hearing of Dispositive Motions:    November 12, 2027
- Expert Discovery Cutoff:               September 24, 2027
- Pretrial Conference:                       January 14, 2028
- Trial Date:                                       January 31, 2028

**Plaintiff:** Plaintiff anticipates seeking discovery on the following subjects: the handling and investigation of Plaintiff's credit reporting disputes; the accuracy and completeness of information reported about Plaintiff; the policies, procedures, and systems used by each Defendant to process consumer disputes under the Fair Credit Reporting Act; communications with furnishers regarding the disputed accounts;

18

internal training, audits, or quality control measures; and facts related to the harm and damages suffered by Plaintiff.

**GUILD MORTGAGE COMPANY LLC**: GMC seeks evidence relating to Plaintiff's communications with GMC, Plaintiff's bank history, and identifying information for the subject mortgage. GMC reserves the right to conduct additional discovery if/when the subject mortgage is identified.

**LOS ANGELES FEDERAL CREDIT UNION**: LAFCU anticipates conducting discovery to the following subject matter areas: (1) whether LAFCU furnished inaccurate, incomplete or misleading information to any CRA; (2) whether LAFCU conducted a reasonable investigation of any dispute received by any CRA with respect to Plaintiff; (3) whether Plaintiff disputed the accuracy of any information furnished by LAFCU; (4) whether Plaintiff has carried his burden of showing that LAFCU acted willfully; and (5) whether Plaintiff suffered any damages proximately caused by any act or failure to act by LAFCU; LAFCU reserves the right to conduct discovery on other topic areas.

**TD BANK**: TD Bank intends to seek discovery regarding:

- All communications, including text messages, social media messages, emails between Plaintiff and any other individuals relating to the Plaintiff's claims;
- All communications between Plaintiff and other defendants;
- All communications between Plaintiff and TD Bank related to Plaintiff's claims;
- Evidence Plaintiff has to support his claims and damages, including concerning alleged payments;
- Evidence concerning Plaintiff's alleged damages;
- Any prior legal claims or disputes concerning similar issues.

**SOFI BANK, N.A.**: SoFi Bank, N.A. anticipates conducting discovery with respect to the following subject matter areas, among others: (1) whether SoFi Bank,

19

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)

N.A. furnished inaccurate, incomplete or misleading information to any CRA; (2) whether SoFi Bank, N.A. conducted a reasonable investigation of any dispute received by any CRA with respect to Plaintiff's account with SoFi Bank, N.A.; (3) whether Plaintiff disputed the accuracy of any information furnished by SoFi Bank, N.A.; (4) whether Plaintiff has carried his burden of showing that SoFi Bank, N.A. acted willfully; and (5) whether Plaintiff suffered any damages proximately caused by any act or failure to act by SoFi Bank, N.A.  SoFi Bank, N.A. reserves the right to conduct discovery on other topic areas.

**EXPERIAN INFORMATION SOLUTIONS INC.**: Experian concurs with Equifax and anticipates conducting similar written and oral discovery, as applicable to Experian.  In other words, Experian anticipates conducting discovery on each of the legal issues identified above.

**EQUIFAX INFORMATION SERVICES, LLC**: Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether  any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12)

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)

whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

**TRANS UNION, LLC**: Trans Union anticipates serving written discovery on the Plaintiff.  Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the accuracy of account(s) at issue in Plaintiff's Complaint, communications between Plaintiff and the Defendants, reinvestigations conducted by the Defendants, communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate his alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiff's credit history and usage, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or discovery.

Trans Union proposes that each party be limited to serving 50 Requests for Admissions and 50 Requests for Production of Documents on any other party.

## 12.    Settlement Conference / Alternate Dispute Resolution ("ADR"):

The parties have begun to engage in settlement discussions.  Plaintiff believes that a settlement conference before the Magistrate or a court panel mediator would provide an effective forum for settlement discussions, if such an option is available and if the parties are unable to reach an informal settlement of the litigation at an earlier time.

## 13.    Trial Estimate:

Plaintiff has demanded a jury trial.  The parties estimate that trial should take 2-3 days.

21

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)

**14.**     **Trial Counsel:**

**Plaintiff:** Plaintiff will be represented at trial by Matthew M. Loker and Peng Shao.

**GUILD MORTGAGE COMPANY LLC**: Guild Mortgage will be represented by James J. Ramos and Gino D. Palmieri of Wright, Finlay & Zak, LLP. **LOS ANGELES FEDERAL CREDIT UNION**: Alana Anaya, Anaya Law Group.

**TD BANK**: TD Bank will be represented at trial by TD Bank's counsel of record and additional counsel Lynne E. Evans, who will seek *pro hac vice* admission.

**SOFI BANK, N.A.**: Robert J. McGahan, Bradley Arant Boult Cummings LLP. **EXPERIAN INFORMATION SOLUTIONS INC.**: Nicholas C. Wiley, Goodwin Procter LLP.

**EQUIFAX INFORMATION SERVICES, LLC**: Jennifer R. Brooks, Seyfarth Shaw LLP

**TRANS UNION, LLC**: Donald E. Bradley of Musick, Peeler, & Garrett LLP and possibly other counsel from Quilling, Selander, Lownds, Winslett & Moser, P.C.

**15.**     **Independent Expert or Master:**

The Parties do not anticipate the need for the appointment of a master or independent expert at this time

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)

**16.    Other Issues:**

None at this time.

Respectfully submitted,

DATED:  May 22, 2026          **LOKER LAW, APC**

BY:    */S/ Matthew M. Loker*
          Matthew M. Loker, ESQ

*Attorney for Plaintiff Javier Garcia*

DATED:  May 22, 2026          **GUILD MORTGAGE COMPANY LLC**

BY:    */s/ Gino D. Palmieri*
          Gino D. Palmieri, ESQ

*Attorney for Guild Mortgage Company LLC*

DATED:  May 22, 2026          **LOS ANGELES FEDERAL CREDIT UNION**

BY:    */s/ Alana B. Anaya*
          Alana B. Anaya, ESQ

*Attorney for Los Angeles Federal Credit Union*

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)



R23 LAW

DATED:  May 22, 2026          **TD BANK USA, N.A.**

BY:  */S/ Sylvia Cheong*
          Sylvia (Yoo Jin) Cheong, ESQ

*Attorney for TD Bank USA, N.A. (incorrectly named as "TD Bank, N.A." in the Complaint)*

DATED:  May 22, 2026          **SOFI BANK, N.A.**

BY:  */s/ Robert J. McGahan*
          Robert J. McGahan, ESQ

*Attorney for SoFi Bank, N.A.*

DATED:  May 22, 2026          **EXPERIAN INFORMATION SOLUTIONS INC.**

BY:  */s/ Nicholas C. Wiley*
          Nicholas C. Wiley, ESQ

*Attorney for Experian Information Solutions Inc.*

DATED:  May 22, 2026          **EQUIFAX INFORMATION SERVICES, LLC**

BY:  */s/ Jennifer R. Brooks*
          Jennifer R. Brooks, ESQ

*Attorney for Equifax Information Services, LLC*

24

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)



DATED:  May 22, 2026                 **TRANS UNION, LLC**

                                     BY:  */s/ Donald E. Bradley*
                                          Donald E. Bradley, ESQ

                                     *Attorney for Trans Union, LLC*


## **SIGNATURE CERTIFICATION**


    I, Matthew M. Loker, hereby certify that the content of this document is acceptable to all counsels listed above, and that I have obtained their authorizations to affix their electronic signatures to this document.



DATED:  May 22, 2026                 **LOKER LAW, APC**

                                     BY:  */s/ Matthew M. Loker*
                                          Matthew M. Loker, ESQ

                                     *Attorney for Plaintiff Javier Garcia*

JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)